**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 1 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

LARRY JEROME MOORE,

      Plaintiff-Appellant,

v.

PRISON HEALTH SERVICES, INC.,
a Delaware Corporation; SHARON L.
BAUCOM; MARVIN METTSCHER;
LOUISA OSBORNE; RAYMOND
ROBERTS; NADINE BELK;
ROBERT HANNIGAN; STEVE
DECHANT; DALE STURGEON;
ROBERT DALE; ELIZABETH
LONG, in their official and individual
capacities,

      Defendants-Appellees.

No. 98-3310
(D.C. No. 95-CV-1289-DES)
(D. Kan.)
(24 F. Supp. 2d 1164)

---

ORDER AND JUDGMENT  *

---

Before **BALDOCK** , **BARRETT** , and **McKAY,** Circuit Judges.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff, a state prisoner with an above-the-knee amputation of his left leg, brought this action under 42 U.S.C. § 1983, 42 U.S.C. § 12132 (Americans with Disabilities Act, or ADA), 29 U.S.C. § 794 (Rehabilitation Act), and state tort law, to redress allegations of mistreatment in connection with his disability. The district court entered summary judgment in favor of defendants on the federal claims and dismissed the state claims without prejudice. See Moore v. Prison Health Servs., Inc., 24 F. Supp. 2d 1164 (D. Kan. 1998). Plaintiff now appeals, challenging the grant of summary judgment. On de novo review, see Smith v. Midland Brake, Inc., 180 F.3d 1154, 1159 (10th Cir. 1999), we affirm the district court for substantially the reasons stated in its memorandum and order.

The pertinent facts are set out in the district court's decision and need not be recited in detail. Plaintiff asserts that defendants violated his rights when a wheelchair provided for his use fell over or collapsed three days after it was issued to him. With respect to the statutory disability claims, the district court held plaintiff's complaints of inadequate treatment did not fall within the scope of the anti-discrimination provisions of the ADA and Rehabilitation Act. We agree.

These statutes afford disabled persons legal rights regarding access to programs and activities enjoyed by all, not a general federal cause of action for challenging the medical treatment of their underlying disabilities. See Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) (ADA); Grzan v. Charter Hosp. of N.W. Ind., 104 F.3d 116, 122-23 (7th Cir. 1997) (Rehabilitation Act); United States v. University Hosp., 729 F.2d 144, 156-60 (2d Cir. 1984) (same); cf. McNally v. Prison Health Servs., 46 F. Supp. 2d 49, 58 (D. Me. 1999) (applying distinction "between [non-actionable] claims that the medical treatment received for a disability was inadequate from [actionable] claims that a prisoner has been denied access to services or programs because he is disabled," and upholding, as example of latter, HIV patient's claim of discriminatory denial of prescription services provided to general population).

Plaintiff's broad reliance on Gorman v. Bartch, 152 F.3d 907 (8th Cir. 1998), which concluded that the ADA and Rehabilitation Act applied to a wheelchair-bound arrestee injured in an ill-equipped police van, is misplaced. The court was able to reach that conclusion only by first holding that "[a]rrestee transportation is a program or service" within the meaning of the disability statutes. Id. at 913. Whether or not we agree in principle with that holding, plaintiff has not identified any comparable program or service from which he was barred at the prison to satisfy the same statutory condition here.

Turning to plaintiff's constitutional claim, the district court properly invoked the "deliberate indifference" standard of Estelle v. Gamble, 429 U.S. 97, 104 (1976), which "has two components:  an objective component requiring that the pain or deprivation be sufficiently serious; and a subjective component requiring that the offending officials act with a sufficiently culpable state of mind."  Mitchell v. Maynard, 80 F.3d 1433, 1444 (10th Cir. 1996) (quotation omitted).  The objective component requires an "extreme deprivation" denying a "minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation."  Hudson v. McMillian, 503 U.S. 1, 9 (1992) (quotations omitted).  The test for the subjective component is whether "the official knows of and disregards an excessive risk to inmate health or safety."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Viewed in a light most favorable to plaintiff, the record shows in pertinent part:  on June 17, 1993, plaintiff was given a used wheelchair which, despite a bent left wheel, he acknowledged to be in good working condition; over the next three days, the defect in the wheel became more pronounced, making the chair harder to roll, a complaint plaintiff voiced to a few inmates and prison officers but not to any medical personnel; on June 20, the wheelchair collapsed or fell over, bruising plaintiff's hand and arm; he was promptly treated and issued a newer wheelchair, which had been kept in reserve for emergency medical

response. These facts do not support a triable claim under the constitutional standards set out above. It is doubtful that plaintiff's isolated fall and minor resultant injury constituted the extreme deprivation required by Hudson, but, in any event, there is no evidence that prison officials knew of and disregarded an excessive risk that such an accident would occur, as required by Farmer. Some inmates and officers were told the wheelchair was becoming more difficult to roll, but the record contains no mention of a risk of collapse or fall in this regard. As for the rolling difficulty itself, the relatively short period of inconvenience or discomfiture involved clearly does not raise a claim of constitutional deprivation under Hudson. See also Whitnack v. Douglas County, 16 F.3d 954, 958 (8th Cir. 1994) (collecting cases from this and other circuits reflecting significance of duration in Eighth Amendment analysis).

The judgment of the United States District Court for the District of Kansas is AFFIRMED.

Entered for the Court

James E. Barrett
Senior Circuit Judge